IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAN WAGNER, individually and on Behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | |
| v. ) | Case No. 16-cv-10961 |
| ) ) | Judge Amy J. St. Eve |
| GENERAL NUTRITION CORPORATION, ) ) ) | |
| Defendant. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant General Nutrition Corporation ("GNC") by and through the undersigned counsel, answers Plaintiff's Class Action Complaint as follows:

## NATURE OF THE ACTION

1. GNC admits that this is a consumer class action brought on behalf of consumers who purchased GNC's L-Glutamine dietary supplements Pro Performance® L-Glutamine Powder 5000, Pro Performance® L-Glutamine 1500, Pro Performance® RapidDrive Glutamine 2500 Power Chew, and Pro Performance® RapidDrive Glutamine 5000 (the "Products"). GNC denies all other allegations in this paragraph.

2. GNC admits that is a specialty retailer of dietary supplements. GNC denies all other allegations in this paragraph. GNC's website speaks for itself.

3. Admitted.

4. Denied.

5. Denied as vague.

6. GNC denies Plaintiff's characterization of what L-Glutamine is.

7. Denied as phrased.

8. Denied as phrased.

9. Denied.

10. GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

11. Denied as phrased.

12. Denied.

13. Denied.

## PARTIES

14. Denied.

15. GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

16. Admitted for jurisdictional purposes only.

## JURISDICTION AND VENUE

17. Admitted for jurisdictional purposes only.

18. Admitted for jurisdictional purposes only.

19. Admitted for jurisdictional purposes only.

20. Admitted for jurisdictional purposes only.

21. Admitted for jurisdictional purposes only.

## FACTUAL ALLEGATIONS

22. GNC denies Plaintiff's characterization of the label because the label speaks for itself.

23. Denied.

24. GNC denies Plaintiff's characterization of the word "Recovery."

25. GNC denies Plaintiff's characterization of the word "Anti-Catabolic."

26. GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

27. GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

28. GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

29. GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

30. GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

31. GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

32. GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

33. GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

34. GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

35. GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

36. Denied.

37. Denied.

38. Denied.

39. GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

40. Denied.

41. Denied.

42. GNC denies Plaintiff's characterization of the law, 410 ILCS 620/21 speaks for itself.

43. GNC denies Plaintiff's characterization of the law, 410 ILCS 620/11 speaks for itself.

44. GNC denies Plaintiff's characterization of the law.

45. GNC denies Plaintiff's characterization of the law, 815 ILCS 505/02 speaks for itself.

46. GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

## CLASS ACTION ALLEGATIONS

47. GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

48. GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

# CLAIMS ALLEGED

## COUNT I
### Violation of State Consumer Fraud Acts
### (On Behalf of the Consumer Fraud Multi-State Class)

57. GNC incorporates the preceding responses to each and every allegation above as set forth herein.

58. This is a Legal Conclusion GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

59. Denied.

60. Denied.

61. Denied.

## COUNT II
### Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act
### (In the Alternative to Count I and On Behalf of the Illinois Subclass)

62. GNC incorporates the preceding responses to each and every allegation above as set forth herein.

63. This is a Legal Conclusion GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## COUNT III
**Breach of Express Warranty**
**(On Behalf of the National Class)**

73. GNC incorporates the preceding responses to each and every allegation above as set forth herein.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## COUNT IV
**Unjust Enrichment**
**(In the Alternative to Count III and on Behalf of the National Class)**

82. GNC incorporates the preceding responses to each and every allegation above as set forth herein.

83. Denied.

84. Denied.

85. Denied.

## JURY DEMAND

Defendant admits that Plaintiffs purport to demand a trial by jury as to issues so triable. Defendant also demands a trial by jury as to issues so triable. Any motion for leave to amend must be made by appropriate motion under Federal Rule of Civil Procedure 15.

## REQUEST FOR RELIEF

Defendant denies that Plaintiffs are entitled to judgment in their favor or to any relief whatsoever and denies that certification of any class is appropriate. Defendant denies all remaining allegations of this Paragraph of the Complaint.

WHEREFORE, having answered all allegations contained in the Plaintiff's Complaint, GNC states its Affirmative Defenses as follows:

## DEFENDANT'S AFFIRMATIVE DEFENSES

1. Defendant specifically reserves all separate or affirmative defenses that it may have against each putative class members, including without limitation any state-specific separate or affirmative defenses. It is not necessary at this time for Defendant to delineate such defenses against the putative class members because no class has been certified and the putative class members are not parties to the litigation.

2. To the extent Plaintiff fails to demonstrate that every putative class member relied on Defendant's representations, any finding of liability on a class-wide basis would violate Defendant's rights under the due process clause of the U.S. Constitution and any applicable state constitutions.

3. To the extent Plaintiff fails to demonstrate that every putative class member sustained cognizable damages as a result of Defendant's actions, any finding of liability on a class-wide basis would violate Defendant's rights under the due process clause of the U.S. Constitution and any applicable state constitution.

4. The recovery of restitution by Plaintiff or putative class members who were not subject to any alleged misconduct by Defendant or for whom any alleged misconduct by Defendant did not cause any injury violates Defendant's right to due process under the U.S. Constitution and any applicable state constitution.

5. To the extent that it is not permitted to conduct discovery and introduce evidence as to each and every class members' individual claims, any finding of liability on a class-wide basis would violate Defendant's rights under the U.S. Constitution and any applicable state constitution.

6. The claims of Plaintiff and some or all putative class members are barred by the voluntary payment doctrine because Plaintiff and putative class members voluntarily paid for the Products, about which they now complain, with full knowledge of the facts and circumstances pursuant to which such amounts were paid.

7. In the ordinary course of business, Defendant may have resolved claims with some putative class members as part of the refund process. Such claims are barred in whole or part by the doctrine of accord and satisfaction, or by written releases executed by some putative class members.

8. Any claims for damages or other monetary recovery by Plaintiff, or on behalf of persons claimed to be members of the purported class, must be offset and reduced by the value received.

9. Plaintiff and some or all putative class members do not have standing to bring the claims asserted in the Complaint.

10. Plaintiff and the proposed class members are not entitled to recover consequential damages resulting from their purchases because those damages, if any, are too speculative.

11. Defendant is entitled to any set-offs or reductions in liability from collateral sources available to Plaintiff and putative class members.

12. Plaintiff and putative class members must elect their remedies. They cannot recover breach of warranty damages and then seek restitution damages based upon the price of the contract. Plaintiffs and putative class members are not entitled to recover twice for the same alleged damages.

13. Plaintiff's and some or all class members' causes of action for breach of warranty is barred because Defendants did not issue any warranties for the Product.

14. Plaintiff's and some or all class members' causes of action for breach of warranty are barred because Plaintiff and some or all class members did not provide Defendant with timely and proper notice of any alleged breach of warranty.

15. Plaintiff's claims are barred, in whole or in part, because the representations relating to the Product, if any, were not false or misleading, and therefore constitute protected commercial speech under the applicable provisions of the United States Constitution.

16. To the extent that Plaintiff proves that the representations were false or misleading, Defendant's conduct was due to negligence and was not intentional.

17. Plaintiff's claims are barred, in whole or in part, because the representations regarding the Product complied with all applicable codes, standards, and regulations established,

adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any State, and any agency thereof.

18. Plaintiff's claims are barred in whole or in part, because the state law safe harbors in Illinois, and any other applicable state law, shield Defendant from liability under the state consumer fraud act for undertaking actions specifically authorized by federal or state regulatory bodies.

19. Plaintiff's causes of action are barred because at the time Defendants made the representations complained of, if any such representations were made, Defendants believed the representations were true.

20. Plaintiff's causes of action are barred because the representations complained of, if any such representations were made, were not material and did not induce Plaintiffs to enter into the transaction.

21. Plaintiff's causes of action are barred because Plaintiffs did not reasonably or justifiably rely on the representations of Defendant.

22. Plaintiff's and some or all class members' causes of action for consumer fraud are barred because Plaintiffs and some or all class members did not provide Defendant with timely and proper notice of any alleged misrepresentations.

23. Plaintiff's and putative class members' causes of action are barred because they had equal or superior knowledge of relevant facts.

24. Plaintiff's and some or all putative class members' claims are barred in whole or in part by the applicable statutes of limitations, statutes of repose, or the doctrine of laches.

25. Defendant expressly reserves the right to amend this answer. In doing so, Defendant specifically reserves their Federal Rule of Civil Procedure 12(b) defenses.

26. By asserting these defenses, Defendant does not allege or admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters. Defendant specifically reserves all separate or additional defenses that they may have against the named Plaintiff or putative class members.

## JURY DEMAND

Defendant demands a jury trial on all issues so triable.

Respectfully Submitted,

By: **s/ Paul R. Berg**
Paul R. Berg
Alexandra M. McGee
VOCELLE & BERG, LLP
3333 20th Street
Vero Beach, FL 32960
Telephone: (772) 562-8111
Facsimile: (772) 562-2870
Email: PBerg@vocelleberg.com
Courtdocs@vocelleberg.com
JGraney@vocelleberg.com

*Counsel for Defendant GNC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed on the 9th of August 2017, via the electronic filing system of the Northern District of Illinois, which will automatically serve all counsel of record.

By: s/ Paul R. Berg
Paul R. Berg
Alexandra M. McGee
VOCELLE & BERG, LLP
3333 20th Street
Vero Beach, FL 32960
Telephone: (772) 562-8111
Facsimile: (772) 562-2870
Email: PBerg@vocelleberg.com
Courtdocs@vocelleberg.com
JGraney@vocelleberg.com

*Counsel for Defendant GNC*